UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Pamela Williams
        Plaintiff,

vs.

Carnival Cruise Lines, a wholly owned subsidiary of Carnival Corporation & plc

        Defendant.

Case No: 1:16cv24625

## MOTION FOR AWARD OF SERVICE EXPENSES AND ATTORNEY FEES

## AND SUPPORTING MEMORANDUM OF LAW

NOW COMES Plaintiff, PAMELA WILLIAMS, by and through her undersigned counsel and Pursuant to Rule 4(d)(2)(a) of the Federal Rules of Civil Procedure, hereby files this Motion for Award of Service Expenses and Attorney's Fees and states the following in support:

1. On November 7, 2016, Plaintiff submitted to NRAI Services, Inc., which is the designated registered agent for Carnival Cruise Lines, a Waiver of Summons via Certified Mail, with a return receipt requested. See Exhibit 1, which is the U.S. Postal Service Certified Mail Reciept.

2. After not receiving any response, the undersigned counsel sent an e-mail to Mr. Arnaldo Perez, who is the general counsel for Carnival Cruise Lines on November 24, 2016. See Exhibit 2, which is the E-mail Sent to Mr. Perez.

3. On November 28, the undersigned Counsel received an e-mail from Ms. Valentina Tejera stating that "Carnival will not waive service of process in this

matter" because Ms. Tejera believes, rather incorrectly, that the action to be contractually time barred. See Exhibit 3, which is Ms. Tejera's e-mail.

## MEMORANDUM OF LAW

Rule 4(d)(2) of the Federal Rules of Civil Procedure required a court to impose the expenses of service, as well as the costs of counsel in seeking those expenses, including reasonable attorney's fees, when a defendant fails to execute and return a waiver of service when requested.

> (2) Failure to Waive. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> > (A) the expenses later incurred in making service; and
> >
> > (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

The purpose of such a rule is seen in the 1993 Advisory Committee Notes, which states,

> "In the absence of such a provision, the purpose of the rule would be frustrated by the cost of its enforcement, which is likely to be high in relation to the small benefit secured by the plaintiff."

In our case, we request an award of expenses incurred in making services, including reasonable attorney's fees because of Defendant's failure to accept waiver of service, and Defendant's deliberate evasion of service without any good cause.

Defendant's counsel, in her e-mail, wrongfully cites a contract provision limiting the time to file a lawsuit as "good cause" for not accepting Waiver of Service. This legal conclusion is wrong for multiple reasons:

First of all, it should be noted that Florida federal courts see statute of limitations as a substantive law issue. *See Western Group Nurseries, Inc. v. Ergas*, 211 F. Supp. 2d 1362, 1366 (S.D. Fla. 2002) (citing *Fulton County Adm'r v. Sullivan*, 753 So. 2d 549, 553 (Fla. 1999); *Merkle v. Robinson*, 737 So. 2d 540 (Fla. 1999)) ("Under Florida rules, statutes of limitations are considered substantive in nature."). As such, it is very likely that Florida substantive law will govern this lawsuit. Florida substantive law states that, "Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void." Fla. Stat. § 95.03 (2002).

Finally, and most importantly, even if Defendant's contention that the limitation in the contract is correct (although I am positive that it is not), that is no reason to reject Waiver of Service. The proper action in such a situation is to accept Waiver of Service, and file a motion to dismiss. Whether Defendant's contract provision bars a lawsuit is something for the court to decide, not something that an attorney can unilaterally declare.

**WHEREFORE**, Plaintiff respectfully requests an Order from this Honorable Court awarding any expenses incurred in making service, as well as reasonable expenses, including attorney's fees, and for such other relief as the Court deems just and equitable.

Date December 15, 2016.

Respectfully submitted,

By:  Williams | Raikhelson, LLC.
14 NE 1st Ave, Suite 200
Miami, FL 33132
Telephone:   (954) 895-5566
Email:       arlaw@raikhelsonlaw.com
2nd email:   a.raikhelson@comcast.net
/s/ Andre Raikhelson
Andre G. Raikhelson, ESQ
Bar Number: 123657

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on December 15, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: December 15, 2016

By: /s/ Andre G. Raikhelson

Exhibit 1



Exhibit 2

**From:** Andre Raikhelson <arlaw@raikhelsonlaw.com>
**Date:** November 24, 2016 at 8:44:20 AM EST
**To:** <aperez@carnival.com>
**Cc:** Aric Williams <aric@aricwilliamslaw.com>
**Subject: Williams vs. Carnival Cruise Lines**

Dear Mr. Arnaldo Perez:

My name is Andre Raikhelson, and I, along with my partner, Aric Williams, represent Ms. Pamela Williams. I am of the understanding that you are the general counsel for Carnival Corporation. On November 7, 2016, I sent, via certified mail, a Request for Waiver of Summons to your Registered Agent, NRAI Services, Inc. Pursuant to the Federal Rules of Civil Procedure, the Request for Waiver of Summons contained 2 copies of the Waiver, a copy of the complaint, and a self-addressed envelope. NRAI Services, Inc. has confirmed that these materials were received and sent to your company.

Based on our mutual interest in resolving cases in an expedient manner, I would like to inquire as to the status of my Request for Waiver of Summons, and whether you intend to return the Requested form signed. If it is more convenient to you, I am more than happy to send you a copy of the complaint and the Request for Waiver of Summons via e-mail upon your request.

Please note, however, that if you refuse to accept my Request for Waiver of Summons, or fail to comply by December 7, 2016, we will ask the Court, pursuant to Fed. R. Civ. P. 4 (d)(2), to impose the costs incurred in making service, as well as attorney's fees, including any attorney's fees incurred by drafting the motion in order to compel collection of those fees.

Please let me know your intentions regarding this matter. I have attached a scanned image of the U.S. Postal Service Certified Mail Receipt for your convenience.

Exhibit 3

---------- Forwarded message ----------
From: **Tejera, Valentina (CCL)** <vtejera@carnival.com>
Date: Mon, Nov 28, 2016 at 2:17 PM
Subject: FW: Williams vs. Carnival Cruise Lines
To: "arlaw@raikhelsonlaw.com" <arlaw@raikhelsonlaw.com>, "aric@aricwilliamslaw.com" <aric@aricwilliamslaw.com>

Dear Mr. Raikhelson and Mr. Williams,

We are in receipt of your correspondence below. I called and left a voice message with Mr. Williams's office last Wednesday, November 23, to discuss this case, but have not heard back.

Please be advised Carnival will not waive service of process in this matter since it has come to our attention that the above captioned action filed in the Southern District Court of Florida is time barred pursuant to the applicable Ticket Contract that requires suit to be brought within one year. In the event Plaintiff pursues and Carnival is required to defend this action, it will assert a counterclaim against Plaintiff for the recovery of attorney's fees and costs in connection with defending this case.

Please feel free to call me at 305-406-7556 to discuss this matter further.

Regards,

Valentina Tejera